CALEB D. BARTON *v.* OSCAR A. BURTON.

*Sale of an entire chattel by one of its cotenants.*

The sale to a stranger, of an entire chattel, by one tenant in common or by his agent, is not such a conversion of it, as to render him or the agent liable to the other cotenant, in an action of trover.

TROVER for the one fiftieth part of the steamboat "Francis Saltus", her tackel and furniture.   Plea, the general issue; trial by jury, November Term, 1854,— PECK, J., presiding.

It appeared from the testimony, that the steamboat "Francis Saltus" was built for one Allen Comstock, who, in January, 1845, sold and transferred one fiftieth part of her to the plaintiff;— that afterwards, during the year 1845, the whole boat was transferred by said Comstock to C. W. Kellogg and H. G. Tisdale in different proportions, forty-six fiftieths to Kellogg and four fiftieths to Tisdale, and by them, subsequently, in 1847, to Grant, Coffin & Church, and by them, in February, 1848, to the Champlain Transportation Company, a corporation doing business on Lake Champlain, who took and kept exclusive possession and control of the boat, and ran it during the navigable seasons of 1848, 1849, 1850, 1851, and until August 1852, when they sold and transferred it to the Rutland & Burlington Railroad Company;— that the defendant, in June, 1849, became a stockholder in said transportation company, and that in January, 1850, he became their president and sole executive agent, and so continued down to the time of the sale to the R. & B. R. Company, and in that capacity, had, under the direction of a board of directors the active control and management of their affairs, including the running of the boat in question, and that he negotiated said sale and executed the deed of transfer to the railroad company. The testimony tended to show that in the conveyance of four fiftieths to Tisdale, one fiftieth was intended and understood by Comstock, Kellogg and Tisdale, to be in trust for the benefit of the plaintiff, but that he was not present, and had no notice of the arrangement until after the subsequent transfer to the transportation company, and that he never assented to it. There was no evidence that Grant, Coffin & Church had notice of the plaintiff's interest at the time of the transfer to them, and it appeared that the transportation company, at the time of their purchase were informed by the said Grant, Coffin & Church that they owned the whole boat, and that they had no notice of the plaintiff's claim until he informed their clerk and treasurer of it, some time in the summer of 1851; and there was no evidence that the defendant knew that the plaintiff owned or claimed any interest in the boat, previous to the commencement of this suit, other than what may be inferred from the facts and testimony above stated.

The court decided that this evidence showed no conversion by

the defendant, and directed a verdict for him; and to this decision the plaintiff excepted.

*Peck & Harvey* and *J. Maeck* for the plaintiff, contended that the case of *Sanborn* v. *Morrill*, 15 Vt. 700, upon the authority of which this case was decided by the county court, was wrongly decided; and if not, that it is not applicable to this case, the defendant here standing as a stranger, and his having sold as agent not relieving him of that character. *Ladd* v. *Hill*, 4 Vt. 171.

*Phelps & Chittenden* for the defendant.

The sale of the boat by the transportation company was not a conversion. *Tubbs* v. *Richardson*, 6 Vt. 442. *Welch* v. *Clark*, 12 Vt. 681. *Sanborn* v. *Morrill*, 15 Vt. 700.

The opinion of the court was delivered by

BENNETT, J. 1. We cannot regard it, as an open question in this state, whether a sale of an entire chattel by one tenant in common, to a third person is a conversion, so as to give his cotenant a right to maintain an action of trover. The question must be considered at rest.

But it is said that, in this case, the defendant stands as a stranger, and, therefore, his act in selling the property is a conversion; but the case shows that he acted as the agent of the transportation company, and, as to this action, stands in their shoes.

Judgment affirmed.